UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES CASTILLO ARRENDONDO,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al,<br><br>Respondent. | Case No. 2:25-cv-01838-TMC<br><br>ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE |

On September 23, 2025, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. The Court issues an order to show cause and expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C. § 2243, the Court may allow up to twenty days for the return with good cause. 28

ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 1

U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); see *Fay v. Noia*, 372 U.S. 391, 400 (1963) (habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.")

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations here, the Court finds there is a basis to expedite this matter. Petitioner alleges that despite residing in the United States for years before his arrest, he is unlawfully subject to mandatory detention under 8 U.S.C. § 1225, a policy recently adopted by the Department of Homeland Security ("DHS"). Dkt. 1 at 6. Whether Petitioners are lawfully detained under 8 U.S.C. § 1225 presents the same legal question that this Court recently answered in *Rodriguez Vasquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025). The Court granted summary judgment to members of a certified Bond Denial Class, declaring that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.* at *27. Because Petitioner seeks a writ of habeas corpus based on the same legal question, the case appears unlikely to require detailed fact development. *See* Dkt. 1 at 6. The Court

ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 2

notes, however, that Petitioner also alleges two constitutional violations, including a distinct Fourth Amendment claim that Petitioner was "illegally arrested based on his ethnicity and the job that he was doing." *Id.*

4. Accordingly, the Court ORDERS:

    a. Respondents shall file a response to the habeas petition no later than October 16, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

    b. Any reply Petitioner wishes to file shall be due by October 21, 2025. The Clerk shall note the matter for October 21, 2025.

    c. The clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

Dated this 2nd day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 3