UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES CASTILLO AREDONDO,<br><br>        Petitioner,<br><br>    v.<br><br>TODD LYONS, et al,<br><br>        Respondent. | Case No. 2:25-cv-01838-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |

## I.   INTRODUCTION

Petitioner Andres Castillo Aredondo, who is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington, brings this immigration habeas action through counsel. Dkt. 1. On October 2, 2025, a Tacoma Immigration Judge ("IJ") issued a decision that the immigration court lacked jurisdiction to conduct a bond hearing because Petitioner was in custody under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act ("INA") and therefore his detention was mandatory. Dkt. 5-3.

Petitioner, who entered the United States without inspection and has resided in the country for approximately 19 years, claims that he is unlawfully subject to mandatory detention under section 1225(b)(2)(A). Dkt. 1 at 6; *see* Dkt. 5-1 at 15. Instead, Petitioner argues, he is subject to detention under a separate provision of the INA, 8 U.S.C. § 1226(a), which entitles

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART - 1

him to a bond hearing before an IJ with the possibility of release. Dkt. 1 at 6. Petitioner also claims that he was arrested without probable cause in violation of the Fourth Amendment and that his detention without an opportunity for bond violates due process. *See id.*

On September 30, 2025, one week after Petitioner filed this habeas action, this Court granted summary judgment in *Rodriguez Vazquez v. Bostock, et al.*, --- F. Supp. 3d ---, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025), to members of a certified Bond Denial Class defined as:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *27. The Court entered final judgment, issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act

*Id.*

In their return, while maintaining their disagreement with the decision in *Rodriguez Vazquez*, Federal Respondents acknowledge that Petitioner is a member of the Bond Denial Class. Dkt. 9 at 2. Respondents oppose Petitioner's claims "concerning his arrest and detention prior to his removal proceedings." *Id.*

Upon review of the relevant record, the Court also concludes that Petitioner is a member of the Bond Denial Class. Because the "Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act[,]" Petitioner is unlawfully detained. *Rodriguez Vazquez*, 2025 WL 2782499, at *27. The Court thus GRANTS Petitioner's petition for a writ of habeas corpus in part. Dkt. 1. Respondents are ORDERED to release Petitioner unless they provide him a bond

redetermination hearing on the merits within seven days of this Order. The Court DENIES the petition with respect to the unlawful arrest claims.

## II.    BACKGROUND

The facts discussed below are undisputed by the parties. Dkt. 1 at 6; Dkt. 5-1; Dkt. 9 at 2–3.

Petitioner Castillo Aredondo is a citizen of Mexico who entered the United States without inspection approximately 19 years ago. Dkt. 1 at 6; Dkt. 5-1 at 15; Dkt. 11-1 at 2. Petitioner has resided in the United States since and lives in Los Angeles, California. Dkt. 5-1 at 15, 48; *see* Dkt. 11-1 at 3–4. He has three U.S. citizen children and no criminal record. *See* Dkt. 5-1 at 5–9; Dkt. 11-1 at 3.

On August 9, 2025, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner at a Home Depot in Los Angeles as part of "Operation At Large targeting immigration violators in Los Angeles, California." Dkt. 11-1 at 3. He was later transferred to NWIPC where he remains detained today pending removal proceedings. Dkt. 10 ¶¶ 6, 13.

ICE issued Petitioner a Notice to Appear that charges him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an inadmissible noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 11-3 at 2. ICE made an initial custody determination that Petitioner was not entitled to bond. Dkt. 11-1 at 5. Petitioner then requested that an IJ review the initial custody determination. Dkt. 11-4 at 2.

On October 2, 2025, a Tacoma IJ determined the court lacked jurisdiction to conduct a bond hearing because Petitioner was in custody under 8 U.S.C. § 1225(b)(2)(A) and therefore his detention was mandatory. Dkt. 11-4 at 2.

On September 23, 2025, Petitioner filed this petition for writ of habeas corpus. Dkt. 1. He raises three claims. First, he alleges that the government's application of section 1225(b)(2)'s mandatory detention provisions to him violates of the INA. *Id.* at 6. Second, he alleges that he "was arrested and detained without a warrant and without probable cause" in violation of the Fourth Amendment based on "his ethnicity and the job he was doing." *Id.* Third, he alleges that the application of section 1225(b)(2) to him violates his Fifth Amendment right to due process. *Id.* The Federal Respondents filed a return on October 8, acknowledging Petitioner's membership in the *Rodriguez Vazquez* Bond Denial Class but arguing that his unlawful arrest claims are moot and that this Court lacks jurisdiction to hear them. Dkt. 9 at 2–6. Petitioner replied on October 9. Dkt. 13. The habeas petition is ripe for the Court's review.

### III.    LEGAL STANDARD

Writs of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on his habeas petition, Petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241(c)(3)).

### IV.    DISCUSSION

**A.    Petitioner's detention is governed by 8 U.S.C. § 1226(a).**

Petitioner argues that the application of 8 U.S.C. 1225(b)(2) to him, a noncitizen who entered the United States without inspection or parole but was not apprehended upon arrival, violates the INA by mandating his continued detention. Dkt. 1 at 6. Petitioner contends that he is instead subject to discretionary detention under 8 U.S.C. 1226(a), which entitles him to a bond hearing before an IJ with the possibility of release. *Id.*

Whether Petitioner is lawfully detained under section 1225 presents the same legal question that this Court recently answered in *Rodriguez Vazquez*, 2025 WL 2782499. The Court granted summary judgment and entered a declaratory judgment in favor of members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.*

Here, Respondents acknowledge that Petitioner is a member of the Bond Denial Class. Dkt. 9 at 2. For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioner is detained under section 1226(a) and not subject to mandatory detention under section 1225(b)(2). *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. Petitioner has thus shown he "is in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). Accordingly, Petitioner's writ of habeas corpus is GRANTED with respect to his claim that he may not be held in custody without an opportunity for bond.[1]

### B. Petitioner has not presented sufficient evidence or argument to prevail on his Fourth Amendment claim.

Petitioner argues that he was arrested without a warrant or probable cause and that the only reason for his arrest was that "he is Latino and was at Home Depot looking for work." Dkt. 1 at 6. Respondents argue that this Court lacks habeas jurisdiction over Petitioner's wrongful arrest claim under 8 U.S.C. § 1252(b)(9), the so-called "zipper clause" of the INA that "consolidates or 'zips' 'judicial review' of immigration proceedings into one action in the court

---

[1] Because the Court grants the petition based on Petitioner's unlawful detention under the INA, it declines to reach Petitioner's constitutional claim, now moot, that mandatory detention violates his right to due process. *See* Dkt. 1 at 6.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART - 5

of appeals." *Singh v. Gonzales*, 499 F.3d 969, 976 (9th Cir. 2007) (citation modified). While "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)," claims that "arise from" removal proceedings must be channeled through the petition-for-review process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (holding that section 1252(b)(9) applied to Sixth Amendment right-to-counsel claim).

Assuming without deciding that this Court can exercise jurisdiction over Petitioner's Fourth Amendment claim, he has not presented sufficient evidence or argument to succeed on the merits. In *Vasquez Perdomo v. Noem*, --- F. Supp. 3d ---, 2025 WL 1915964, at *17 (C.D. Cal. July 11, 2025), the district court persuasively explained why section 1252(b)(9) may not prevent all Fourth Amendment challenges to immigration detention. *See id.* ("*Sanchez* does not stand for the provision that all such constitutional claims may only be brought in removal proceedings. And how could they? This would mean that U.S. citizens—who Plaintiffs allege have also been unlawfully stopped, arrested, and detained—would have no venue to raise their claims.") (citing *Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018)); *see also Ozturk v. Hyde*, 136 F.4th 382, 401 (2d Cir. 2025) (concluding that government was unlikely to succeed on claim that section 1252(b)(9) prevented First Amendment challenge to detention). The U.S. Supreme Court stayed the district court's injunction in *Vasquez Perdomo*, but it did so without explaining the basis for its ruling. *Noem v. Vasquez Perdomo*, --- S. Ct. ---, 2025 WL 2585637 (Sept. 8, 2025). At best, the jurisdictional question is unsettled in the Ninth Circuit.

But even assuming the Court has jurisdiction, Petitioner has not presented sufficient evidence or argument to succeed on the merits of his claim. In his petition, Petitioner makes a conclusory argument that he was arrested "without a warrant and without probable cause" because "the individuals who arrested Mr. Aredondo did not have a warrant for his arrest and they did not provide any identification that they were law enforcement or ICE officers. Petitioner

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART - 6

believes he was arrested because he is Latino and was at Home Depot looking for work." Dkt. 1 at 6. But Petitioner fails to address the reasonable suspicion standard for the initial stop. *See United States v. Manzo-Jurado*, 457 F.3d 928, 934–35 (9th Cir. 2006) (explaining reasonable suspicion standard for believing a person is in the country illegally). And in the I-213 form documenting Petitioner's arrest, the officer writes that his ballistic vest was marked with placards stating "U.S. Border Patrol/Federal Agent" and that in addition to suspicion based on Petitioner's activity at Home Depot, he decided to detain Petitioner when Petitioner ran from him as he exited his vehicle. Dkt. 11-1 at 4. Petitioner does not contest or address this evidence or the applicable case law. *See* Dkt. 13 at 3–4. On this record, the Court cannot conclude that Petitioner has proven an entitlement to habeas relief based on his Fourth Amendment claim.

## V.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART and DENIED IN PART.

2. Within 7 days of this Order, Respondents (and all their officers, agents, employees, or other persons acting on their behalf or in concert with them) must either release Petitioner Andres Castillo Aredondo from detention or provide him a bond hearing on the merits pursuant to 8 U.S.C. § 1226(a).

Dated this 15th day of October 2025

Tiffany M. Cartwright
United States District Judge